## THE STATE, FOR THE USE OF SAN SABA COUNTY, v. ED. HOUSE ET AL.

### No. 1193.

1. **Case Adhered to.**—The State v. Williams, ante, p. 346, adhered to. The operation of the local option law does not affect suits upon liquor dealer's bonds for liabilities previously incurred.

2. **Case Adhered to—Liquor Dealer's Bond.**—The State v. Drake, 86 Texas, 329, followed. The Act of 1893 did not repeal the corresponding sections of Act of 1887, prescribing the conditions in the bond exacted of liquor dealers.

ERROR to District Court of San Saba County. Tried below before Hon. W. M. ALLISON.

*M. M. Crain*, Attorney-General, *H. P. Brown*, Assistant, and *P. B. Faver*, County Attorney, for plaintiffs in error.

*Leigh Burleson*, for defendants in error.

COLLARD, ASSOCIATE JUSTICE.—The motion to dismiss this cause involves the same questions as presented in the case of The State v. Wiley Williams et al., ante p. 346, in which it was held that the motion should be overruled; so the motion to dismiss this cause is overruled.

On the main case the questions are similar to those in the case cited, but they arise upon a different state of facts. This is a suit upon the bond of a retail liquor dealer in quantities less than one quart, for breach of the condition relating to the giving or selling of intoxicating liquors to any person under the age of 21 years. The court below sustained exceptions to the petition and dismissed it, upon the ground that the statute of 1887, under which the bond was made, was repealed by the Act of 1893. The same acts of the Legislature were considered in the Wiley Williams case. The Act of 1887, under which the bond was executed, provides, that "Any person, firm, or association of persons desiring to engage in the sale of spirituous, vinous, or malt liquors,

or medicated bitters capable of producing intoxication, shall, before engaging in such occupation, be required to enter into bond in the sum of $5000, with at least two good, lawful, and sufficient sureties, payable to the State of Texas, to be approved by the county judge, conditioned that said person, firm, or association of persons so selling spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, in quantities less than a quart, shall * * *; and that he or they will not sell or permit to be sold in his or their house or place of business, nor give, nor permit to be given, any spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, to any person under the age of 21 years," etc. The corresponding clause in the Act of 1893 is substantially the same as that quoted in the Act of 1887, viz: "And that such person, firm, or association, or his or their agent or employe, will not sell, nor permit to be given, any spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, to any person under the age of 21 years," etc. Both acts provide that for each violation of the law a recovery for $500 should be had upon the bond as liquidated damages at the suit of any person or persons aggrieved, or at the suit of the State for the benefit of the county.

The case of The State v. Drake, 86 Texas, 330, is authority for holding that the Act of 1893 as to the clause in question did not repeal the similar clause in the Act of 1887, or render the bond executed under the first act inoperative as to the conditions alleged to have been broken. The two clauses named are not in conflict; they are substantially the same. The Act of 1893 in terms only repeals laws and parts of laws in conflict with it. It authorizes the bond sued on, and provides for the same liability thereon in case of a breach of the condition upon which this suit is predicated. This is a civil suit upon a contract for a breach of the same while the contract was in force. The State v. Wiley Williams, supra.

The judgment of the lower court is reversed, and the cause remanded for trial.

*Reversed and remanded.*

Delivered April 17, 1895.